IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SY DALTON SINGLETARY,          )
                               )
                   Petitioner, )
                               )
        v.                     )          1:26CV164
                               )
STATE OF NORTH CAROLINA,       )
                               )
                   Respondent.)

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

First, the petitioner did not provide a filing fee, nor did he submit a signed affidavit to proceed *in forma pauperis*.

The petitioner indicates that he did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. *Id.* In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the

North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. *See Lassiter v. Lewis*, No. 5:11-HC-2082-D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).  The petitioner indicates that he did file a MAR, but that he did not pursue a petition for a writ of certiorari with the North Carolina Court of Appeals, as he must to exhaust his state court remedies. *See* Docket Entry 1, § 11 (a), (d), (e).

Because of these pleading failures, the Petition should be dismissed without prejudice to the petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.  The Court has no authority to toll the statute of limitation; therefore, it continues to run, and the petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001).  To further aid the petitioner, the Clerk is instructed to send the petitioner a new application to proceed *in forma pauperis*, § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is

2

instructed to send the petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 23rd day of March, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge

3